IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY SCOTT HARDMAN,

    Plaintiff,

v.                                            Civil Action No. 5:14CV132
                                                              (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The plaintiff, Jeffrey Scott Hardman, filed an application for Supplemental Security Income ("SSI") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since July 21, 2005 due to "constant left side head pain." The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on his own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act. The ALJ found that the plaintiff's severe impairments were headaches and degenerative disc disease of the cervical and lumbar spine. Further, the ALJ found that the plaintiff was unable to perform any past relevant work. However, the ALJ found that there were jobs in

the national economy that the plaintiff could perform.  Thus, the plaintiff's benefits were denied.  The plaintiff then timely filed an appeal of the decision to the Appeals Council.  The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court.  The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  After consideration of those motions, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and that this action be remanded to the Commissioner for further action.  Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within 14 days after being served with a copy of the report.  The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation.  Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

The plaintiff argues in his motion for summary judgment that the ALJ (1) failed to consider all of the plaintiff's severe impairments in her Step Three evaluation; (2) failed to properly evaluate the plaintiff's depression; and (3) failed to evaluate the medical expert opinions available in the record. In her motion for summary judgment, the defendant asserts that (1) substantial evidence supports the Commissioner's final decision that the plaintiff is not entitled to disability benefits; (2) substantial evidence supports the ALJ's evaluation at Step Two of the plaintiff's depression; and (3) the ALJ properly weighed and considered the medical expert opinions.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v.

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Magistrate Judge Kaull found that substantial evidence did not exist to support the ALJ's conclusions as to the analysis at Step Three. Thus, Magistrate Judge Kaull determined that the plaintiff's other two assertions did not require review because this action must be remanded based on the ALJ's insufficient analysis at Step Three.

As noted by the magistrate judge, the ALJ must identify the relevant listings and then compare each of the listed criteria to the evidence of the claimant's symptoms at Step Three of the sequential evaluation. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). This Court has further held that an ALJ's finding will not be upheld if the ALJ "simply restates verbatim the language of [the relevant listings]." Warner v. Barnhart, Civil Action No. 1:04-CV-8, p. 7-9, 11 (Final Order of J. Stamp filed Mar. 29, 2005).

The magistrate judge found that in this case, the ALJ had simply stated that the plaintiff's impairments did not meet any of the listings and did not provide any analysis to support such a conclusion. Further, the magistrate judge considered that the ALJ did not mention, at all, the listings in her discussion of the subsequent steps of the sequential evaluation. Thus, the magistrate judge found that the ALJ had not met the requirements of Cook as she had not made her decision "in accordance with certain

procedures which facilitate judicial review." Cook, 783 F.2d at 1172. The magistrate judge therefore found that the ALJ's decision was more deficient than that in Warner.

This Court has reviewed the record, as well as the parties' motions for summary judgment and, for the reasons set forth in the report and recommendation and finding no clear error, concurs with the magistrate judge that the defendant's motion for summary judgment should be denied, the plaintiff's motion for summary judgment should be granted, and the case be remanded for the ALJ to perform a sufficient analysis of Step Three of the sequential evaluation. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is DENIED. The plaintiff's motion for summary judgment is GRANTED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: March 17, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE